IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LEON WILSON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-0130-N |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Leon Wilson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was twice paroled after serving part of a 15-year sentence for burglary of a habitation. Both times his parole was revoked and petitioner was returned to custody without credit on his sentence for the 10 years he spent on parole. It is not clear whether petitioner challenged the denial of sentence credits in an application for state post-conviction relief. Instead, he appears to raise this claim for the first time in a federal writ of habeas corpus.[1]

II.

In his sole ground for relief, petitioner contends that he is entitled to credit on his sentence for the time he was on parole.

---

[1] Even if petitioner failed to present his claim to the Texas Court of Criminal Appeals, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole).[2] This includes credit for "street time" while out on parole. *See Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). However, a state may not apply the parole laws retroactively. *See Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). The critical inquiry is whether the law changes the legal consequences of an act completed before the effective date of the legislation. *Id.*, 101 S.Ct. at 965; *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991).

B.

Petitioner seeks credit on his sentence for the time he was on parole. The relevant statute in effect at the time the underlying offense was committed provides, in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, *such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation*.

TEX. CODE CRIM. PROC. ANN. art. 42.18, § 14(a) (Vernon 1990), *now codified at* TEX. GOV'T CODE ANN. § 508.156(e) (Vernon Supp. 2004) (emphasis added). There is no evidence that this statute has been applied retroactively to deprive petitioner of any right under state or federal law. Consequently, petitioner is not entitled to federal habeas relief. *See Greer v. Dretke*, No. 3-03-CV-

---

[2] The Fifth Circuit has held that the Texas mandatory supervision statute creates an expectancy of early release when the calendar time of eligible inmates, combined with good time credits, equals the sentence imposed. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000), *citing Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Even if petitioner were eligible for release to mandatory supervision instead of parole, no court has ever held that the denial of sentence credit for time spent on release implicates a federal constitutional right. *See Greer v. Dretke*, No. 3-03-CV-2745-H, 2004 WL 287377 at *1 n. 2 (N.D. Tex. Jan. 29, 2004).

2745-H, 2004 WL 287377 at *1 (N.D. Tex. Jan. 29, 2004); *Blair v. Dretke*, No. 3-03-CV-1001-L, 2003 WL 22244647 at *1-2 (N.D. Tex. Sept. 18, 2003), *rec. adopted*, 2003 WL 22495767 (N.D. Tex. Oct. 31, 2003).

## **RECOMMENDATION**

It plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief. Accordingly, his application for writ of habeas corpus should be summarily denied. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE